UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| **DEERE & COMPANY,**<br>a Delaware corporation,<br><br>        PLAINTIFF,<br><br>v.<br><br>**FIMCO INC, dba**<br>**SCHABEN INDUSTRIES,**<br>an Iowa corporation,<br><br>        DEFENDANT | Case No. 5:15-cv-00105-TBR<br><br>**PLAINTIFF DEERE'S REPLY IN**<br>**SUPPORT OF MOTION TO**<br>**DISMISS COUNTERCLAIM III** |

**I.     INTRODUCTION**

The sole allegation underlying FIMCO's Counterclaim III is that Deere's registered color trademark is invalid as functional because customers prefer towed equipment with colors that match their green and yellow Deere tractors. *See* Dkt. No. 5, Counterclaim ¶¶ 39-41. Deere's Motion to Dismiss explains why this allegation is insufficient to state a claim for trademark invalidity, citing abundant case law. Dkt. No. 16. FIMCO's Opposition does not even attempt to address this argument. *See* Dkt. No. 23. Instead, FIMCO makes a plea for discovery, promising that it can find evidence to support "all of FIMCO's claims," if only the Court will allow it to proceed. *Id.* at 2.

FIMCO's argument misses the point entirely. While FIMCO contends that functionality can only be decided on a factual record, it ignores what it has actually pled and the law that governs. As to FIMCO's contentions that it should proceed to discovery to show that Deere's registered color mark is functional because green and yellow colors are "essential to the use or purpose of the product" or that there are "no comparable alternatives" to such colors, those are both theories that are not alleged in FIMCO's actual pleading and that are, in any event, implausible. The theory of functionality that FIMCO *has* pled is invalid as a matter of law. The

allegation that consumers want to match a new product to the trademarked design or color of an existing product from the trademark holder does not make the desired trademark "functional," as courts have repeatedly held.  No amount of discovery will change the fact that even if FIMCO's allegation is true, it will not establish that Deere's color mark is functional, because FIMCO has pled a theory of functionality that is contrary to established case law.  The fact that consumers are attracted to a trademark of a product and desire other products that match—that also bear that mark—does not permit competitors to use that trademark without permission.  FIMCO's conduct is the quintessential freeloading imitation that trademark law is designed to prevent.

## II.     ARGUMENT

FIMCO's Opposition is one long plea to allow its Counterclaim III to proceed through discovery to summary judgment.  But FIMCO never properly explains how or why it has asserted a valid claim for trademark functionality.  It just repeatedly asserts that it will find the facts if given the chance.

However, "[t]he Supreme Court's decisions in *Twombly* and *Iqbal* do not permit a plaintiff to proceed past the pleading stage and take discovery in order to cure a defect in a complaint."  *Patterson v. Novartis Pharm. Corp.*, 451 F. App'x 495, 498 (6th Cir. 2011); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007) ("It is no answer to say that a claim just shy of plausible entitlement can, if groundless, be weeded out early in the discovery process . . ."); *Bowlson v. Cnty. of Kent*, No. 1:11-CV-309, 2012 WL 4057247, at *6 (W.D. Mich. Sept. 14, 2012) ("Plaintiff opines that he can supply 'additional factual content,' but it is no longer sufficient in the *Twombly/Iqbal* pleading context to merely promise that a set of facts exists in support of a claim.").  In other words, the purported need for discovery is no excuse for a failure to adequately plead a legally valid claim.  And, contrary to FIMCO's assumption, a party must do more than claim the plaintiff's trademark is "functional" to plead a proper invalidity claim.  Rather, under *Twombly* and *Iqbal*, a party must plead facts that make its theory of liability plausible, "and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*,

550 U.S. at 555.  "[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009); *see Twombly*, 550 U.S. at 555 (a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions") (internal citations omitted).  So FIMCO cannot simply allege that Deere's color mark is functional and head off to discovery.

Moreover, FIMCO's plea for discovery over dismissal ignores the actual language of its pleading and the invalidity claim it has purported to assert.  The parties agree there are three possible theories of trademark functionality that FIMCO might invoke to contend that Deere's green and yellow colors are functional.  FIMCO fails to allege adequately any of these three theories.

### A.   FIMCO Has Not Alleged Functionality Under the Traditional Test.

Under the traditional test, a trademark is functional if it is "essential to the use or purpose" or "affects the cost or quality of a product." *Qualitex Co. v Jacobson Products Co. Inc.*, 514 U.S. 159, 165 (1995); *accord*, Mot. at 5; Opp. at 8.  FIMCO claims discovery is necessary on this theory (Opp. at 9), but it does not identify any factual issues that might go to whether or not FIMCO has properly asserted a valid claim under the traditional test.  More important, FIMCO ignores the fact that *it has not sought to allege a claim of trademark invalidity under the traditional test*.  There is no hint in FIMCO's Counterclaim that it is invoking the traditional test.  Its Counterclaim is devoid of any allegation that using the colors green and yellow is either essential to the use or purpose of its equipment, or lowers the equipment's cost or improves its quality. *See* Mot. at 5.  Its Opposition does not suggest otherwise: it, too, offers no facts or even a hint as to how Deere's green and yellow colors could be essential to the use or purpose of its equipment. *See* Opp. at 8-9.  And of course, without *any* facts alleged in support of a theory, FIMCO does not state a claim.  "A claim becomes plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Babich-Zacharias v. Bayer Healthcare*

3

*Pharm., Inc.*, No. 5:14-CV-00101-TBR, 2015 WL 4718591, at *2 (W.D. Ky. Aug. 7, 2015) (quoting *Iqbal*, 556 U.S. at 678).

Beyond this, it would be absurd for FIMCO to try to allege that Deere's color mark is invalid under the traditional test. Based on the facts that are alleged by FIMCO, it would not be plausible to assert that using Deere's green and yellow colors is "essential" for FIMCO's towed equipment or lowers its cost. *Cf. N.Y. Pizzeria, Inc. v. Syal*, 56 F. Supp. 3d 875, 882 (S.D. Tex. 2014) (dismissing trademark infringement claim based on asserted trademark in flavor of franchisor's food because franchisor "d[id] not allege that its supposedly unique flavoring [wa]s merely an identifier, and any such allegation would be implausible given that the flavor of pasta and pizza has a functional purpose."). Nothing in discovery will change that. And, of course, a court need not accept on a motion to dismiss factual allegations—even if present in the pleading—that are not plausible. *See Iqbal*, 556 U.S. at 679 ("Only a complaint that states a plausible claim for relief survives a motion to dismiss."); *accord*, *Wise v. Pine Tree Villa, LLC*, No. 3:14-CV-517, 2015 WL 1611804, at *2 (W.D. Ky. Apr. 10, 2015). So the traditional test cannot support Counterclaim III.

      **B.**    **FIMCO Has Not Alleged Functionality Under the "Comparable Alternatives" Test.**

Under the "comparable alternatives" standard, the Sixth Circuit has considered whether protection of a trademark would leave open "comparable alternatives that competitors may use to compete in the market." *See Maker's Mark Distillery, Inc. v. Diageo North America, Inc.*, 679 F.3d 410, 418; *accord*, Mot. at 6; Opp. at 10. Here again, as noted in Deere's Motion, there are no words at all in the Counterclaim that even hint at a lack of "comparable alternatives" to using green and yellow colors on towed agricultural equipment. *See* Mot. at 7. So FIMCO has not pled any "factual content" that could support a functionality claim under this theory. *Iqbal*, 556 U.S. at 678; *see Twombly*, 550 U.S. at 555 (complaint must contain "more than labels and conclusions").

4

FIMCO's Opposition does not contend otherwise. It does not claim to have pled any facts in support of this theory of functionality. *See* Opp. at 9-10. In fact, its Opposition does not even contend that discovery might turn up facts to support a theory based on the "comparable alternatives" standard. Rather, FIMCO simply asserts that there should be discovery on such alternatives. *See* Opp. at 10. But FIMCO never even suggests what facts discovery might reveal or how such unspecified facts might support a claim of invalidity under the "comparable alternatives" standard. *See id.* at 10-11. Without basic factual allegations as to why Deere's colors might be functional because comparable alternatives are lacking, FIMCO cannot proceed with a counterclaim on this theory. *See Johnson v. Moseley*, 790 F.3d 649, 652-53 (6th Cir. 2015) (discussing pleading requirements under *Twombly* and *Iqbal*).

And, as with the traditional test for functionality discussed above, it would be implausible for FIMCO to assert that no comparable alternatives to green and yellow exist for the coating of towed agricultural equipment. As noted in Deere's Motion, there are many colors that FIMCO could use. *See* Mot. at 7. This presumably is why the Opposition, like FIMCO's Counterclaim, never contends that FIMCO lacks comparable alternatives for coloring its towed equipment. *See* Opp. at 10. Again, nothing in discovery will change that. So the comparable alternatives standard cannot serve as a basis for Counterclaim III to proceed. *See Tucker v. Heaton*, No. 5:14-CV-00183-TBR, 2015 WL 3935883, at *6 (W.D. Ky. June 26, 2015) (dismissing claims where factual allegations "are insufficient 'to raise a right to relief above the speculative level'") (citation omitted).

### C. The "Effective Competition" Theory of Functionality That FIMCO *Does* Seek to Allege Is Foreclosed as a Matter of Law.

Under the "effective competition" standard, the Sixth Circuit has asked "whether [] protection for a product's feature would hinder the ability of another manufacturer to compete effectively in the market for the product," placing it at a "significant non-reputation-related disadvantage." *Maker's Mark*, 679 F. 3d at 418-19 (citations omitted); *see* Mot. at 6, 7; Opp. at

11.  This is the theory of functionality that FIMCO's Counterclaim *does* seek to plead, as it alleges that Deere's assertion of trademark rights places "FIMCO at a significant disadvantage because purchasers of agricultural products prefer to have equipment in colors similar to their tractors," alleged to be Deere tractors.  Counterclaim ¶ 39; *see id.* ¶ 13.  Here again, FIMCO makes a plea that there should be discovery before its claim is dismissed.  *See* Opp. at 11.

The fatal problem for FIMCO is that the theory of functionality it *does* allege is foreclosed as a matter of law.  Remarkably, for all its bluster that there should be discovery related to its claim that "the use of the colors yellow and green are [sic] functional and Deere's continued exclusive use of the colors puts FIMCO's at a disadvantage" (Opp. at 12), FIMCO never addresses the central issue on this motion.  That issue is the legal question posed by FIMCO's Counterclaim III:  Can a trademark be held functional and therefore invalid based on the claim that the trademark puts a party at a "significant disadvantage" *because consumers "prefer to have" products that match or are "similar to" existing products they already have bearing that mark*?  Counterclaim ¶ 39.  As detailed in Deere's Motion—but not addressed in FIMCO's Opposition—all recent decisions have consistently held that the answer to this question is "no."

As a matter of law, consumer desire for different products bearing the same trademark—products that match—does not make the trademark functional.  In particular, as established in Deere's Motion, numerous Courts of Appeal have held that the fact that a consumer is attracted to the trademark of a particular product because the mark corresponds to or matches a product the consumer already owns does not put a competitor at a "significant non-reputation-related disadvantage." Mot. at 8-9 (discussing cases).[1]

---

[1] Critically, even if a trademark prevents a competitor from satisfying consumers' desire for a product in a color or design that matches other products they have from the trademark holder, this is not a "non-reputation-related disadvantage."  *Maker's Mark*, 679 F.3d at 419.  Rather, it is a "reputation-related disadvantage."  As the Supreme Court has explained, trademark law "helps

(continued…)

As noted, FIMCO does not address the holding of these cases. Instead, it insists that it "would be placed at a disadvantage in the marketplace if it was unable to compete effectively in the market for sprayers in colors similar to existing tractors"—tractors FIMCO itself has pled are Deere tractors. Opp. at 12; *see* Counterclaim ¶ 13. FIMCO's contention is essentially equivalent to the argument that a party can sell a scarf using Burberry's trademark plaid pattern simply by claiming that consumers desire scarves to match their plaid-patterned (Burberry) jackets. *Id.* at 9. Given existing case law, no one would seriously argue that such a case required discovery to determine whether a competitor of Burberry manufacturing the desired scarves could establish a claim that Burberry's trademark plaid was functional and therefore invalid. As explained in Deere's Motion, accepting FIMCO's position "would be the death knell for trademark protection," *Au-Tomotive Gold, Inc. v. Volkswagen of Am., Inc.*, 457 F.3d 1062, 1064 (9th Cir. 2006); *see* Mot. at 8. "It would mean that simply because a consumer likes a trademark, or finds it aesthetically pleasing, a competitor could adopt and use the mark on its own products." *Au-Tomotive Gold, Inc.*, 457 F.3d at 1064. "[I]t is an open Sesame to trademark infringement." *W.T. Rogers Co. v. Keene*, 778 F.2d 334, 344 (7th Cir. 1985).

If consumer desire for products with matching trademarked features sufficed to make a trademark functional, it would force any number of absurd conclusions. As Judge Posner has opined, "[W]e might be forced to admit [then] that General Motors can duplicate the Rolls Royce, because a person who had one Rolls Royce might think a second Rolls would look good next to it in his garage." *Id.* Put another way, as explained in Deere's Motion, FIMCO's theory of functionality—that people want the same colors on towed equipment as on their Deere tractors—is a theory that every recent court, following Supreme Court precedent, has found does not support a claim of trademark functionality as a matter of law. *See* Mot. at 8-9. Although

---

assure a producer that it (and not an imitating competitor) will reap the financial, reputation-related rewards associated with a desirable product." *Qualitex*, 514 U.S. at 164.

7

under certain circumstances a trademark can be functional and therefore invalid if its enforcement would hinder effective competition, such circumstances do not include those alleged by FIMCO here—that it is difficult for a party such as FIMCO to compete because consumers are attracted to products bearing the trademark in order to match existing products the consumers already have from the same trademark holder. Again, FIMCO's Opposition does not contend otherwise.

Without addressing the legal merit of its Counterclaim, FIMCO contends it should get to discovery because most of the cited cases were decided on summary judgment or later and "the inquiry into 'functionality' is highly fact-specific" and therefore not appropriate for resolution before discovery. Opp. at 2, 6. But it is black-letter law that a claim must be dismissed under Rule 12(b)(6) when its factual allegations cannot "sustain a recovery under some viable legal theory." *See Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (citing *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

Here, even if FIMCO obtained in discovery facts establishing, as it alleges, that purchasers prefer towed agricultural equipment in green and yellow colors that match their Deere tractors, that would not support a claim that Deere's color mark is functional. Put another way, taking the factual allegations in FIMCO's Counterclaim as true, as appropriate at this stage, Deere's color mark is not functional as a matter of law under established precedent. So dismissal is appropriate. *See, e.g.*, *Waltenburg v. St. Jude Med., Inc.*, 33 F. Supp. 3d 818, 837 (W.D. Ky. 2014) ("Defendants are correct that a negligence per se claim premised on violations of federal law is not cognizable under Kentucky law. . . . Accordingly, Plaintiffs' negligence per se claim fails as a matter of law and will be dismissed."); *Westfield Ins. Co. v. B.H. Green & Son, Inc.*, No. 5:11-CV-00010, 2011 WL 2418643, at *2 (W.D. Ky. June 14, 2011) ("Under Kentucky law, however, the mutual mistake claim must fail as a matter of law. While a mutual mistake of fact can void a contract in Kentucky, a mutual mistake of law has no effect. . . . Accordingly,

Defendant is not entitled to recession on the grounds of mutual mistake.  The motion to dismiss mutual mistake from Count III is GRANTED.").

### III.   CONCLUSION

FIMCO's Counterclaim III fails as a matter of law and should be dismissed.

Dated: August 21, 2015

Respectfully submitted,

*/s/ D. Craig York*
D. Craig York
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
Telephone:  502-581-8037
Craig.York@dinsmore.com

*/s/ Simon J. Frankel*
Simon J. Frankel (admitted *Pro hac vice*)
Rebecca A. Jacobs (admitted *Pro hac vice*)
COVINGTON & BURLING LLP
One Front Street
San Francisco, California 94111
Telephone:  415-591-7052
sfrankel@cov.com
rjacobs@cov.com

Attorneys for Plaintiff
DEERE & COMPANY