UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:15-CV-105-TBR

DEERE & COMPANY                                                                                           PLAINTIFF

v.

FIMCO INC.                                                                                                DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff Deere & Company's motion to dismiss. (Docket #15). Defendant FIMCO, Inc. has responded. (Docket #23). Plaintiff has replied. (Docket #24). This matter is now ripe for adjudication. For the following reasons, Plaintiff's motion to dismiss (Docket #15) is DENIED.

BACKGROUND

Plaintiff Deere & Company ("Deere") sells tractors and towed agricultural equipment in "its distinctive 'John Deere Green' and yellow colors.'" (Docket #16). Deere has registered trademarks for its green and yellow color scheme for use on tractors and various agricultural equipment. (Docket #1). Deere also claims a common law trademark right in this green and yellow color combination.

Defendant FIMCO Inc., doing business as Schaben Industries, "is the largest manufacturer of lawn and garden sprayers in the United States." (Docket #23). FIMCO sells towed agricultural equipment in several colors, including green and yellow.

This case arises out of Deere's claim that FIMCO uses a green and yellow color scheme for agricultural equipment which infringes upon Deere's trademark. (Docket #1). Deere asserts four claims against FIMCO: trademark infringement, false designation of origin and unfair

1

competition, trademark dilution, and common law trademark infringement. (Docket #1). In response, FIMCO filed four counterclaims against Deere. Three counterclaims seek declaratory relief that FIMCO has not infringed or diluted Deere's trademarks, unfairly competed, or falsely designated the origin of FIMCO's products. FIMCO has also filed a counterclaim seeking to invalidate Deere's trademarks. (Docket #5). Deere's motion to dismiss this counterclaim is the sole issue currently before the Court.

FIMCO argues Deere's trademark on yellow and green as used on agricultural products is invalid because it "places manufacturers like FIMCO at a significant disadvantage because purchasers of agricultural products prefer to have equipment in colors similar to their tractors." (Docket #5). In response, Deere argues FIMCO's claim must be dismissed because it does not meet the test for "functionality." (Docket #16). FIMCO argues that the test for functionality requires facts outside the pleadings and is properly decided at the summary judgment stage. (Docket #23).

STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002).

2

A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## DISCUSSION

"For a trademark to be enforceable, it must be valid; one way to show a mark's validity is through its 'incontestability.'" *Maker's Mark Distillery, Inc. v. Diageo N. Am.*, 679 F.3d 410, 418 (6th Cir. 2012). A trademark registered for five or more years is incontestable. 15 U.S.C. § 1065. Incontestability is "conclusive evidence of the validity of the registered mark." 15 U.S.C. §§ 1065; 1115(b). "The word 'incontestable' is misleading, however, because an incontestable mark may be contested, and defeated, on many grounds." *Specialized Seating, Inc. v. Greenwich Indus., L.P.*, 616 F.3d 722, 724 (7th Cir. 2010). For instance, a "registered mark may be found invalid if it is 'functional.'" *Maker's Mark*, 679 F.3d at 418 (citing 15 U.S.C. § 1052(e)(5)). "In general terms, a product feature is functional if it is essential to the use or purpose of the article or if it affects the cost or quality of the article." *Inwood Labs. v. Ives Labs.*, 456 U.S. 844, 851 n.10 (1982). "The functionality doctrine prevents trademark law, which seeks to promote competition by protecting a firm's reputation, from instead inhibiting legitimate competition[1] by allowing a producer to control a useful product feature." *Qualitex Co. v. Jacobson Products Co.*, 514 U.S. 159, 164 (1995).

There are two theories of functionality: the identification theory and the competition theory. In cases such as this where "aesthetic functionality"[2] is at issue, the Sixth Circuit has

---

[1] "It is the province of patent law, not trademark law, to encourage invention by granting inventors a monopoly over new product designs or functions for a limited time." *Qualitex Co. v. Jacobson Products Co.*, 514 U.S. 159, 164 (1995).

[2] The Sixth Circuit recently stated "we have not yet plainly stated . . . that we have even adopted aesthetic functionality doctrine at all." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 641 n. 16 and 642–43 (6th Cir.2002). However, the Sixth Circuit has previously applied the aesthetic functionality

adopted the competition theory. *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 641 n.16 (6th Cir. 2002). "The two most common 'tests' of aesthetic functionality under the competition theory" are the test for "comparable alternatives" and the "effective competition" test. *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 641 n.16 (6th Cir. 2002). "The test for 'comparable alternatives' asks whether trade-dress protection of certain features would nevertheless leave a variety of comparable alternative features that competitors may use to compete in the market." *Id*. at 642 (*quoting* Mitchell M. Wong, The Aesthetic Functionality Doctrine and the Law of Trade Dress Protection, 83 Cornell L. Rev. 1116, 1144-45 (1998)). If such alternatives do not exist, the feature is functional; but if such alternatives do exist, then the feature is not functional." *Id*. The effective competition test asks:

> whether trade dress protection for a product's feature would hinder the ability of another manufacturer to compete effectively in the market for the product. If such hinderance is probable, then the feature is functional and unsuitable for protection. If the feature is not a likely impediment to market competition, then the feature is nonfunctional and may receive trademark protection. *Id*.

In this case, FIMCO seeks to invalidate Deere's trademarks on green and yellow on the grounds that these colors are functional. (Docket #5). The "inquiry" into whether a trademark is functional "is factual in nature" and therefore generally inappropriate for a motion to dismiss. *Maker's Mark*, 679 F.3d at 418; *see also Specialized Seating, Inc. v. Greenwich Indus., L.P.*, 616 F.3d 722, 726 (7th Cir. 2010) ("Functionality certainly isn't an issue of law; it represents a fact-specific conclusion about whether aspects of a design are essential to the use or purpose of the article or if it affects the cost or quality of the article.") (citation and punctuation omitted).

---

doctrine, *see e.g. Abercrombie*, 280 F.3d at 642, and it is commonly used by other courts. *See e.g. id.*, *Qualitex*, 514 U.S. at 170. Accordingly, this Court will apply the aesthetic functionality doctrine.

FIMCO has listed several courts who addressed the issue of functionality only after developing a factual record. *See e.g. Maker's Mark*, 679 F.3d at 417 (six-day bench trial); *Traffix Devices v. Mktg. Displays*, 532 U.S. 23 (2001) (summary judgment); *Antioch Co. v. Western Trimming Corp.*, 347 F.3d 150 (6th Cir. 2003) (summary judgment); *Abercrombie*, 280 F.3d 619, 627 (6th Cir. 2002) (summary judgment). The Court finds it is prudent in this case to also develop a factual record before deciding the issue of whether Deere's trademarks are functional and therefore invalid.

Deere argues FIMCO's claim must be dismissed because FIMCO's stated reason that it is at a disadvantage – "purchasers of agricultural products prefer to have equipment in colors similar to their tractors" (Docket #5) – is not legally sufficient to support FIMCO's claim. (Docket #16). However, Deere acknowledges that another court found the color "John Deere green" was aesthetically functional precisely because "farmers prefer to match their loaders to their tractor." *Deere & Co. v. Farmhand, Inc.*, 560 F. Supp. 85, 98 (S.D. Iowa 1982) *aff'd* 721 F.2d 253 (8th Cir. 1983). Deere argues that case is distinguishable because this case involves "Deere's registered mark for green *and* yellow" (emphasis in original) and because the law has evolved regarding aesthetic functionality. (Docket #16). While Deere may ultimately be correct in these arguments, at this stage the Court finds FIMCO has sufficiently pled a claim that Deere's trademarks are functional.

IT IS HEREBY ORDERED that, for the foregoing reasons, Deere's motion to dismiss (Docket #15) is DENIED.

cc: counsel of record