# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CIVIL ACTION NO. 5:15-CV-00105-TBR-LLK

DEERE & COMPANY,                                             Plaintiff/Counterclaim Defendant,

v.

FIMCO INC., d/b/a Schaben Industries,            Defendant/Counterclaimant.

## MEMORANDUM OPINION AND ORDER

Deere & Company filed this action against FIMCO Inc., alleging FIMCO's use of a green and yellow color scheme on its agricultural-equipment products infringes on Deere's trademarks. FIMCO counterclaimed, seeking declaratory judgment on Deere's claims, as well as a judgment cancelling Deere's trademarks. With the prospect of a trial approaching, Deere asks the Court to assign this action for a bench (and not a jury) trial. Because this action involves issues sounding in equity, the Court holds that FIMCO is not entitled to jury trial. An advisory jury, however, will assist the Court in fairly and justly resolving the matter. Accordingly, Deere & Company's Motion to Amend, [R. 62], is **GRANTED IN PART** and **DENIED IN PART**.

### I.

The general background of this case is described in the Court's prior opinion, *Deere & Co. v. FIMCO Inc.*, No. 5:15-CV-00105-TBR-LLK, 2015 WL 6043960, at *1 (W.D. Ky. Oct. 15, 2015). Briefly, Deere & Company filed this action against FIMCO Inc., alleging FIMCO's use of a green and yellow color scheme on its agricultural-equipment products infringes on Deere's trademarks. [*See* R. 1 at 6–9, ¶¶ 25–46 (Complaint).] FIMCO counterclaimed, seeking declaratory judgment on Deere's claims for trademark infringement, dilution, and unfair competition, as well as a judgment

1

cancelling Deere's trademarks. [*See* R. 68 at 13–16, ¶¶ 22–45 (Amended Answer and Counterclaim).] Though neither side demanded it, the Court inadvertently assigned the case for trial by jury. [*See* R. 29 at 2, ¶ 8 (Scheduling Order).] Deere has taken notice of that error and asks the Court to correct it. [*See* R. 62 at 1 (Motion to Amend).]

## II.

### A.

"'In Suits at common law, where the value in controversy shall exceed twenty dollars,' the Seventh Amendment says, 'the right of trial by jury shall be preserved.'" *Exact Software N. Am., Inc. v. DeMoisey*, 718 F.3d 535, 546 (6th Cir. 2013) (quoting U.S. Const. amend VII). The right to a jury trial depends, principally, on whether the action will resolve legal, as opposed to equitable, rights. *Id.* (citing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989)). In making that determination, the Court looks not only to the nature of the issues involved, but also (and more importantly) to the remedy sought. *Bledsoe v. Emery Worldwide Airlines, Inc.*, 635 F.3d 836, 841 (6th Cir. 2011); *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 659 (6th Cir. 1996).

### B.

Civil Rule 38(b) requires litigants to demand a jury trial no more than fourteen days after service of the last pleading raising an issue appropriately tried before a jury. Fed. R. Civ. P. 38(b)(1). If a litigant files a timely and proper demand, then the issue must be tried before a jury. Fed. R. Civ. P. 39(a). A litigant who fails to file a timely demand, however, waives its right to a jury trial. Fed. R. Civ. P. 38(d); *see also U.S. Leather, Inc. v. Mitchell Mfg. Grp., Inc.*, 276 F.3d 782, 790 (6th Cir. 2002); *Irvin v. Airco Carbide*, 837 F.2d 724, 727 (6th Cir. 1987). "Such a waiver is complete and binding

even though it may have been inadvertent and unintended." *Cook v. Cleveland State Univ.*, 13 F. App'x 320, 322 (6th Cir. 2001) (citing *Misco, Inc. v. U.S. Steel Corp.*, 784 F.2d 198, 203 (6th Cir. 1986); *Washington v. N.Y.C. Bd. of Estimate*, 709 F.2d 792, 797–98 (2d Cir. 1983)); *cf. Sewell v. Jefferson Cty. Fiscal Court*, 863 F.2d 461, 465 (6th Cir. 1988).

### III.

Deere opposes trying this action before a jury. Its argument is twofold. FIMCO has no right to a jury trial under the Seventh Amendment, Deere maintains, since all claims raised in this case sound in equity. [*See* R. 62-1 at 3–6 (Memorandum in Support); R. 71 at 3–5 (Reply).] Even if there were an issue properly tried before a jury, though, Deere points out that both sides waived any right to a jury trial long ago. [*See* R. 62-1 at 6; R. 71 at 2–3.] FIMCO disagrees. Its counterclaims make reference to "general damages," which, FIMCO suggests, is a legal issue triable to a jury. [*See* R. 65 at 4–6 (Response).] In the alternative, FIMCO recommends trying the case before an advisory jury. [*See id.* at 6.] The Court sees merit in both parties' positions: Though FIMCO is not entitled to jury trial by right, an advisory jury will assist the Court in reaching a fair and just resolution in this action.

### A.

#### 1.

The Court holds that there are no legal (as opposed to equitable) issues in this case entitling FIMCO to a trial by jury. Of FIMCO's four counterclaims, three seek declaratory judgment on Deere's claims for trademark infringement, dilution, and unfair competition. [R. 68 at 13–16, ¶¶ 22–35, 42–45]. Those counterclaims are equitable in

nature. *See Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1183–84 (9th Cir. 2010) (holding counterclaim for declaration of non-infringement to be equitable); *Big Dog Motorcycles, L.L.C. v. Big Dog Holdings, Inc.*, 400 F. Supp. 2d 1273, 1275–76 (D. Kan. 2005) (holding claim for declaration of non-infringement and no unfair competition to be equitable). The fourth counterclaim seeks a judgment cancelling Deere's trademarks. [*See* R. 68 at 15, ¶¶ 36–41.] Again, such a counterclaim sounds in equity. *See Tabari*, 610 F.3d at 1183–84; *Empresa Cubana Del Tabaco v. Culbro Corp.*, 123 F. Supp. 2d 203, 209 (S.D.N.Y. 2000) ("A claim for cancellation of a trademark registration pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, is equitable in nature and does not give rise to a jury trial right."). Though FIMCO asks for "general damages," it does not explain (and the Court cannot discern) how *any* of its four counterclaims might warrant monetary relief. Its response is devoid of argument on that point. [*See* R. 65 at 3–6.] Because this action resolves only equitable rights, the Court holds FIMCO is not entitled to jury trial.

## 2.

Even if it were entitled to a jury trial, though, FIMCO has waived that right by failing to make a timely demand. *See U.S. Leather, Inc.*, 276 F.3d at 790. Civil Rule 38 is clear on that score: If a litigant desires a jury trial, it must demand one no more than fourteen days after service of the last pleading raising an issue appropriately tried before a jury. Fed. R. Civ. P. 38(b)(1). A litigant who fails to file a timely demand waives its right to a jury trial. Fed. R. Civ. P. 38(d). Here, it is undisputed that FIMCO did not

timely demand a jury trial. Consequently, FIMCO has waived its right, if any, to a jury trial.[1]

**B.**

Be that as it may, the Court agrees with FIMCO that an advisory jury will aid in deciding this dispute. Pursuant to Civil Rule 39(c), the Court may empanel an advisory jury to try any issue not triable of right by a jury. Fed. R. Civ. P. 39(c)(1). The decision "to try an issue to an advisory jury under [Civil] Rule 39(c) is 'entirely discretionary.'" *Static Control Components, Inc. v. Lexmark Int'l, Inc.*, 749 F. Supp. 2d 542, 554 (E.D. Ky. 2010) (quoting *Starr Int'l Co. v. Am. Int'l Grp., Inc.*, 623 F. Supp. 2d 497, 502 (S.D.N.Y. 2009)), *aff'd in part, rev'd in part*, 697 F.3d 387 (6th Cir. 2012), *aff'd*, ––– U.S. –––, 134 S. Ct. 1377 (2014); *see also* 9 Charles Alan Wright et al., *Federal Practice and Procedure* § 2335 (3d ed.), Westlaw (database updated April 2016) ("[I]t is completely discretionary with the trial judge whether or not to use an advisory jury under Rule 39(c).").

In light of the fact-specific issues at the center of this suit, the Court considers the use of an advisory jury appropriate. While the Court must make its own findings of fact and draw its own conclusions of law, *see* Fed. R. Civ. P. 52(a)(1); *Hyde Props. v. McCoy*, 507 F.2d 301, 306 (6th Cir. 1974), it will benefit from the parties' arguments to an

---

[1] Civil Rule 39(b) affords the Court discretion to cure such a waiver, provided, of course, that an issue properly triable before a jury existed in the first place. *See* Fed. R. Civ. P. 39(b). Here, FIMCO asks the Court to excuse its waiver as inadvertent. [*See* R. 65 at 5–6 (Response).] Under these circumstances, though, the Court does not find FIMCO's justification to be sufficient. *See Misco, Inc. v. U.S. Steel Corp.*, 784 F.2d 198, 205 (6th Cir. 1986) ("As a general rule, a district court will not abuse its discretion in denying a Rule 39(b) motion if the only justification is mere inadvertence." (citing *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983); *Aetna Cas. & Sur. Co. v. Jeppesen & Co.*, 642 F.2d 339, 341 (9th Cir. 1981); *Galella v. Onassis*, 487 F.2d 986, 996 (2d Cir. 1973))); *cf. Sewell v. Jefferson Cty. Fiscal Court*, 863 F.2d 461, 465 (6th Cir. 1988) ("[I]nadvertence or mistaken impression is not sufficient to relieve the party from the effects of an otherwise valid waiver of a jury trial." (citing *Gen. Bus. Servs., Inc. v. Fletcher*, 435 F.2d 863, 864 (4th Cir. 1970) (per curiam); *Bush v. Allstate Ins. Co.*, 425 F.2d 393, 396 (5th Cir. 1970))).

advisory jury on such issues.  Accordingly, the Court will empanel an advisory jury for the trial of this action.

## IV.

**IT IS HEREBY ORDERED** that Deere & Company's Motion to Amend, [R. 62], is **GRANTED IN PART** and **DENIED IN PART**.  The above-captioned action **SHALL** be tried before the Court with an advisory jury pursuant to Federal Rule of Civil Procedure 39(c)(1).

**IT IS SO ORDERED.**

Date:

cc:     Counsel of Record