UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:15-CV-105-TBR

DEERE & COMPANY, PLAINTIFF/COUNTER-DEFENDANT

v.

FIMCO INC., d/b/a/ SCHABEN
INDUSTRIES, DEFENDANT/COUNTER-CLAIMANT

## MEMORANDUM OPINION AND ORDER

Plaintiff Deere & Company ("Deere") brings this action alleging that Defendant FIMCO Inc. ("FIMCO") is using Deere's green and yellow color scheme on agricultural equipment in violation of federal trademark and common law. FIMCO, in turn, has counterclaimed against Deere, seeking a declaration of non-infringing use. Further detail may be found in this Court's March 8, 2017 Memorandum Opinion and Order, [DN 161.] Currently pending before the Court is Deere's Motion *in Limine* to Preclude FIMCO from Rearguing that JDD Lubricants is its Predecessor in Interest, [DN 199.] For the reasons stated herein, Deere's motion is **DENIED**.

STANDARD

Using the inherent authority to manage the course of trials before it, this Court may exclude irrelevant, inadmissible, or prejudicial evidence through *in limine* rulings. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013); *Mahaney ex rel. Estate of Kyle v. Novartis Pharm. Corp.*, 835 F. Supp. 2d 299, 303 (W.D. Ky. 2011). Unless such evidence is patently "inadmissible for any purpose," *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997), though, the "better practice" is to defer evidentiary rulings until trial, *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975), so that "questions of foundation, relevancy

1

and potential prejudice may be resolved in proper context," *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). A ruling *in limine* is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38). Consequently, the Court may revisit its *in limine* rulings at any time and "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239).

DISCUSSION

In its ruling on the parties' cross-motions for partial summary judgment, the Court concluded that FIMCO had not presented admissible evidence that JDD Lubricants is its predecessor in interest such that JDD's use of green and yellow colors could be attributed to FIMCO. [DN 161 at 40–43, 54.] Specifically, the Court discussed this finding with regard to Deere's motion for summary judgment on its claim of trademark dilution, which the Court ultimately denied, and with regard to its motion for summary judgment on FIMCO's affirmative defense of laches, which the Court ultimately granted. [*Id.*] Though FIMCO does not seek to "provide further record as to the dismissed . . . defenses," it does seek present additional evidence as to JDD's status as FIMCO's alleged predecessor in interest as to the remaining claims to be addressed at trial, including the trademark dilution claim. [DN 193 at 3–5 (FIMCO's Response).] In the instant motion *in limine*, Deere argues that FIMCO cannot do this. [DN 199 (Deere's Motion *in Limine*).]

In detail, Deere contends that the Court "settled that issue in its summary judgment order, ruling against FIMCO and holding that it had not offered potentially admissible evidence showing JDD was its predecessor." [DN 199-1 at 1 (Memorandum in Support of Deere's Motion *in Limine*).] Deere asserts that FIMCO failed to carry its burden on the issue, that the Court's

ruling on the issue became "the law of the case," and that it would be prejudiced if FIMCO were allowed to present additional evidence at trial. [*See* DN 196 (Deere's Reply).] The Court disagrees.

In its summary judgment ruling, the Court denied judgment as a matter of law to Deere on its trademark dilution claim. [DN 161 at 43.] "[D]enials of summary judgment . . . are interlocutory." *Baker v. Union Twp.*, 587 F. App'x 229, 231 (6th Cir. 2014). Courts have the "inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) (citing *Marconi Wireless Telegraph Co. v. United States,* 320 U.S. 1, 47–48 (1943)). Further, "district court[s] may modify, or even rescind, such interlocutory orders." *Id.* (citing *Simmons Co. v. Grier Brothers Co.,* 258 U.S. 82, 88 (1922)).

Though the Court found that FIMCO did not provide admissible evidence regarding JDD as its predecessor company at the summary judgment stage, the Court made that finding with regard to a ruling that was interlocutory; that is, the *denial* of summary judgment as to Deere's dilution claim. As such, it was not the basis for a final and appealable decision. Furthermore, that finding did not become the law of the case, which is a doctrine "concerned with the extent to which the *law* applied in decisions at various stages of the same litigation becomes the governing principle in later stages." *Bowles v. Russell*, 432 F.3d 668, 676 (6th Cir. 2005) (emphasis added) (quoting 18 *Moore's Federal Practice*, § 134.20 (Matthew Bender 3d ed.)), *aff'd*, 551 U.S. 205 (2007). For the doctrine to apply, a court must, at a prior stage of the litigation, "decide[ ] upon a rule of law." *Id.* at 677 (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)). Here, in holding that FIMCO had not presented admissible evidence of JDD's status as its predecessor in interest, the Court did not decide a legal issue. In essence, that finding was

dicta, as it had no bearing on the Court's decision to deny summary judgment on Deere's dilution claim and allow it to proceed to trial. [DN 161 at 43.] Rather, the basis for the Court's denial of judgment as a matter of law on that claim was that disputed issues remained as to when Deere's mark allegedly became famous and as to whether it became famous before FIMCO began its use. [*Id.*]

Even assuming Deere is correct that allowing FIMCO to argue this issue at trial changes the Court's prior ruling, (though the Court does not find this to be the case), the Sixth Circuit has recognized that district courts may, "as allowed by Rule 54(b)[1][,] subsequently change[ ] the initial ruling and broaden[ ] the scope of the trial," so long as the court "inform[s] the parties and give[s] them an opportunity to present evidence relating to the newly revived issue." *Huss v. King Co.*, 338 F.3d 647, 651 (6th Cir. 2003) (quoting *Leddy v. Standard Drywall, Inc.,* 875 F.2d 383 (2d Cir.1989)). Here, the Court notes that three weeks still remain before the bench trial in this matter is scheduled to begin, [DN 155 (Scheduling Order)], which is ample time to prepare to address this issue. However, because Deere claims that it prepared for trial on the assumption that FIMCO would not be permitted to argue this issue, and therefore that allowing additional evidence at trial would cause it prejudice, [DN 196], the Court will afford the parties an opportunity to file amended witness lists, exhibit lists, and deposition designations, and to file objections thereto, to cure any potential prejudice.

CONCLUSION

For the reasons set forth herein, **IT IS HEREBY ORDERED** as follows:

---

[1] Federal Rule of Civil Procedure 54(b) states, in relevant part, that "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and *may be revised at any time* before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54 (emphasis added).

1. Deere's Motion *in Limine* to Preclude FIMCO from Rearguing that JDD is its Predecessor in Interest, [DN 199], is **DENIED**.

2. The parties may, if they so desire, file amended witness lists, exhibit lists, and/or deposition designations and counterdeisgnations by **Monday, May 29, 2017**. Any objections thereto shall be filed by **Thursday, June 1, 2017**.

Date:

cc:    Counsel of Record